UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASHAWN THOMAS AND DOMONAE SCARBROUGH,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>Defendants, | No. 2:24-cv-00986-TLN-SCR<br><br><br><br>**ORDER** |

  This matter is before the Court on Defendant Costco Wholesale Corporation's ("Costco") Motion to Dismiss.  (ECF No. 3.)  Plaintiffs Lashawn Thomas and Domonae Scarbrough (collectively, "Plaintiffs") oppose.  (ECF No. 10.)  Costco filed a reply.  (ECF No. 11.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part Costco's motion to dismiss.

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are two African-American women. (ECF No. 1 at 24.) On August 10, 2023, Plaintiffs went shopping at Costco and decided to use the self-checkout lane. (*Id.* at 26.) Plaintiffs entered the self-checkout area, and Thomas handed Scarbrough the Costco card to begin the transaction.[1] (*Id.*) Scarbrough scanned the card and then began scanning the items in their cart. (*Id.*) A Costco employee, Defendant Theresa ("Theresa"),[2] "rushed over and aggressively" requested Plaintiffs show their Costco card. (*Id.*) Scarbrough showed the card to Theresa who then questioned whether the actual Costco cardholder was with them. (*Id.*) Thomas stated the cardholder was not present and offered to Facetime the actual cardholder. (*Id.*) Theresa declined Thomas's offer and asked if Thomas was on the account. (*Id.*) Thomas stated, "she believed she was." (*Id.*) Theresa did not check anyone else's Costco card in the self-checkout lane. (*Id.*)

Thomas felt "deeply offended" and "singled out" by this interaction. (*Id.* at 27.) She requested Theresa return the card so she could leave the store with Scarbrough. (*Id.*) Theresa refused. (*Id.*) Following Thomas's repeated requests and Theresa's continued refusal, Scarbrough took the card from Theresa "ensuring to touch nothing but the card itself." (*Id.*) Thomas then requested management intervention. (*Id.* ¶ 17.) Another Costco employee came over, and Thomas stated the interaction with Theresa was "unacceptable and appeared racially motivated as they only asked people of color to show their cards." (*Id.*) Three managers then arrived and allowed Thomas to Facetime the primary cardholder and then complete the initial transaction. (*Id.*) Plaintiffs left Costco "visibly shaken and in tears." (*Id.*) Further, Plaintiffs

---

[1] The Court GRANTS Costco's unopposed request for judicial notice of its Member Privileges & Conditions and Customer Service Home Page in part to establish "the existence of the website in the public realm, but [not] to notice that the contents of the website are true." *Farrell v. Boeing Employees Credit Union*, 761 Fed. Appx. 682, 684 n.1 (9th Cir. 2019) (quotation marks and citation omitted) (unpublished). The two policies are publicly available on the Costco website and their existence cannot be reasonably questioned. *See* Fed. R. Evid. 201(b); *see also Lindora, LLC v. Limitless Longevity LLC*, No. 15-CV-2847-JAH-KSC, 2016 WL 6804443, at *2–3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice at the motion to dismiss stage of publicly accessible webpages).

[2] Plaintiffs allege Theresa's last name is unknown. (ECF No. 1 at 24.) The Court notes Theresa has not appeared in this action and is not a party to the motion to dismiss.

1  allege the experience left them in a "state of extreme emotional distress and public humiliation."
2  (*Id.*)
3        On February 23, 2024, Plaintiffs filed suit in Solano County Superior Court against
4  Defendants Costco, Theresa, and Does 1 through 50 inclusive. (ECF No. 1.) Plaintiffs allege
5  four causes of action: (1) violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51, *et*
6  *seq.*; (2) negligence; (3) violation of California's Unfair Competition Law, Cal. Bus. & Profs.
7  Code § 1700; and (4) intentional infliction of emotional distress. (*Id.* at 27–32.) On April 1,
8  2024, Costco removed the action based on diversity jurisdiction. (*Id.* at 7.) On April 8, 2024,
9  Costco filed the instant motion to dismiss. (ECF No. 3.)

10      **II.**    **STANDARD OF LAW**

11        A motion to dismiss for failure to state a claim upon which relief can be granted under
12  Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.
13  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain
14  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
15  Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations of
16  the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). Additionally,
17  the court must give the plaintiff the benefit of every reasonable inference to be drawn from the
18  "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S.
19  746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state
20  his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal
21  citation omitted).
22        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
23  factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
24  While Rule 8(a) does not require detailed factual allegations, "it demands more than an
25  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
26  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
27  elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
28  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

### III. ANALYSIS

Costco argues the Court should dismiss all of Plaintiffs' claims for failure to state a claim. (ECF No. 3.) The Court evaluates each of Plaintiffs' claims in turn below.

#### A. Unruh Civil Rights Act Claim

The Unruh Civil Rights Act ("Unruh Act") prohibits business establishments, such as Costco, from discriminating against any person based on protected characteristics such as race. Cal. Civ. Code § 51(a),(b); *see also Stamps v. Superior Ct.*, 136 Cal. App. 4th 1441, 1452 (2006) (citation omitted). Plaintiffs may establish an Unruh Act claim either through establishing an Americans with Disabilities Act ("ADA") violation or intentional discrimination. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009). Here, Plaintiffs base their claim on intentional discrimination — not the ADA. (ECF No. 1; ECF No. 10.)

///

4

To state a claim for intentional discrimination under the Unruh Act, Plaintiffs must sufficiently allege Costco intentionally discriminated against and/or denied Plaintiffs full and equal privileges or services based on Plaintiffs' race. *See Liapes v. Facebook, Inc.*, 95 Cal. App. 5th 910, 922 (2023), *review denied* (Jan. 10, 2024); Jud. Council of Cal. Civil Jury Instructions, CACI No. 3060 (Unruh Civil Rights Act – Essential Factual Elements) (2024); *see also Bridges v. Kohl's Stores, Inc.*, No. 23-CV-00685-DAD-JDP, 2024 WL 4647621, at *3 (E.D. Cal. Oct. 31, 2024). "Intentional discrimination requires willful, affirmative misconduct." *Liapes*, 95 Cal. App. 5th at 922 (internal quotation marks and citation omitted).

Costco argues Plaintiffs fail to state an Unruh Act claim because: (1) Plaintiffs were not denied full and equal services; (2) Plaintiffs' race was not a substantial motivating factor; (3) Plaintiffs were not harmed; and (4) Costco did not engage in willful affirmative misconduct. (ECF No. 3 at 11–14.)  Plaintiffs selectively respond to Costco's arguments and contend Costco did in fact intentionally discriminate against them in violation of the Unruh Act.  (ECF No. 10 at 8–9.)  The Court evaluates Costco's arguments in turn.

### i. *Full and Equal Services*

First, Costco argues Plaintiffs were not denied full and equal services because they were able to "proceed with the transaction." (ECF No. 3 at 11 (quoting ECF No. 1 at 27).)  To support this argument, Costco relies on *Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2016 WL 6393549, at *3 (N.D. Cal. Oct. 28, 2016).  (*Id.*)  However, *Smith* is distinguishable.  In *Smith*, Plaintiff purchased a wheelchair and wheelchair lift but was dissatisfied with the products. 2016 WL 6393549, at *3.  The court there denied plaintiff's Unruh Act claim because "dissatisfaction with Defendant's products" did not "establish Plaintiff accessed, purchased, or received Defendant's products on anything less than a 'full and equal' basis." *Id.* (internal citation omitted).

Here, Plaintiffs do not allege they were dissatisfied with the products they purchased. They allege they were discriminated against on the basis of their race when checking out at Costco. (ECF No. 1 at 26–27.) Costco appears to imply the Unruh Act is only concerned with physical access to business establishments.  However, as the California Supreme Court explained,

1   the Unruh Act is also concerned with businesses offering "equal treatment of patrons in all
2   aspects of" the business. *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 29 (1985). Without more,
3   Costco fails to persuade the Court that Plaintiffs' ability to proceed with their transaction
4   precludes their Unruh Act claim.

5   Costco also argues Plaintiffs cannot demonstrate they were denied full and equal services
6   because they cannot allege they were initially refused service because of their race. (ECF No. 3
7   at 11–12.) Citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1050 (9th Cir.
8   2000), which held "disparities in treatment and pricing that are reasonable do not violate the
9   Unruh Act," Costco argues the difference in treatment Plaintiffs received was reasonable because
10  Plaintiffs had not demonstrated they were Costco members. (*Id.* at 12.) Specifically, Costco
11  argues Plaintiffs were attempting to use another member's Costco card in violation of Costco's
12  policy. (*Id.*) However, based on the allegations, at the time the Costco employee "aggressively"
13  asked Plaintiffs — and only Plaintiffs — for their membership card, nothing indicated Plaintiffs
14  were using another member's card. (ECF No. 1 at 26.) Taking Plaintiffs' allegations as true and
15  drawing all reasonable inferences in Plaintiffs' favor, the Court finds the difference in treatment
16  Plaintiffs received could support an Unruh Act claim.

17                    *ii.   Substantial Motivating Factor*

18  Second, Costco argues Plaintiffs cannot establish that race was a substantial motivating
19  factor in the decision to ask Plaintiffs to verify their membership card. (ECF No. 3 at 12.)
20  Relying on *Johnson v. United States*, No. 23-CV-02336-DMR, 2024 WL 85871, at *1 (N.D. Cal.
21  Jan. 8, 2024), Costco argues Plaintiffs' allegations are entirely conclusory and provide no facts
22  from which discrimination can be inferred. (*Id.*) In *Johnson*, the plaintiff alleged she was
23  intentionally discriminated against because of her race and sex. 2024 WL 85871, at *4.
24  Specifically, the plaintiff there alleged that if "she [had] been white or male [Defendant] would
25  not have acted with such indifference, intentional brutality, and absolute cruelty." *Id.* The court
26  found these allegations were conclusory and not sufficient to support an Unruh Act claim. *Id.*
27  Specifically, the court noted the complaint did not allege any "comments, conduct, or instances
28  where others were treated differently[.]" *Id.* (internal citation omitted).

1     Here, unlike in *Johnson*, Plaintiffs specifically allege they were treated differently as
2  people of color. (ECF No. 1 at 26–27.) They allege the Costco employee who checked their
3  membership card did not check "anyone else's in the self-checkout lane" and "they only asked
4  people of color to show their cards." (*Id.*) Costco acknowledges this allegation, but argues
5  Plaintiffs have not alleged Costco's "neutral policy of checking member cards at checkout is
6  applied in a way that actually targets individuals based on their race." (ECF No. 3 at 13.) In
7  support of this argument, Costco cites a series of cases which dismissed Unruh Act claims where
8  plaintiffs did not allege they were treated differently because of their protected status. (ECF No.
9  3 at 13 (collecting cases)). However, as discussed above, this is exactly what Plaintiffs have
10 done. The Court finds Plaintiffs allegations are sufficient at this stage to provide a reasonable
11 inference of a discriminatory intent. *See, e.g.*, *Bridges*, 2024 WL 4647621, at *3 (finding
12 allegations that "other non-Black customers who were inside the store during the incident were
13 not treated in the same way" was sufficient to establish Unruh Act claim); *James v. U.S. Bancorp*,
14 816 F. App'x 181, 182 (9th Cir. 2020) (unpublished) (reversing district court decision finding
15 plaintiffs' allegations that customers of other races were allowed to open bank accounts was
16 insufficient to show intentional discrimination under the Unruh Act).

17                              *iii.   Harm*

18    Costco also argues Plaintiffs were not harmed, despite Plaintiffs' allegations to the
19 contrary. (ECF No. 3 at 13–14; ECF No. 1 at 27.) To support this statement, Costco proceeds to
20 make conclusory and repetitive arguments. (*Id.*) In the absence of any meaningful citation to
21 authority or analysis, the Court finds Costco's argument unpersuasive.

22                         *iv.   Willful, Affirmative Misconduct*

23    Finally, Costco argues Plaintiffs' allegations do not sufficiently establish Costco engaged
24 in willful, affirmative misconduct. (ECF No. 3 at 14.) According to Costco, Plaintiffs "assume"
25 Costco did not check patrons' cards and only "speculate" Costco's actions were racially
26 motivated. (*Id.*) However, at the motion to dismiss stage, the Court accepts Plaintiffs factual
27 allegations as true. Again, as discussed above, the Court finds Plaintiffs allegations are sufficient
28 to provide a reasonable inference at this stage that Costco engaged in intentional discriminatory

conduct in violation of the Unruh Act.

Given the above, Defendants' motion to dismiss Plaintiffs' Unruh Act claim is DENIED.

### B. Negligence Claim

In the Complaint, Plaintiffs cite to California Civil Code § 1708 ("§ 1708") when discussing their negligence claim. (ECF No. 1 at 29.) Based on this, Costco initially argues Plaintiffs fail to allege a negligence claim because § 1708 does not provide a private right of action. (ECF No. 3 at 14.) In opposition, Plaintiffs concede they cannot bring a negligence claim under § 1708 and clarify their negligence claim against Costco is a tort claim. (ECF No. 10 at 9.)

Costco also appears to argue Plaintiffs cannot allege a common law negligence claim. (ECF No. 3 at 15.) To state such a claim for negligence, a plaintiff must show: (1) the existence of a duty of care; (2) breach of that duty; (3) causation; and (4) damages. *See Burgess v. Superior Ct.*, 2 Cal. 4th 1064, 1072 (1992). Costco first argues Plaintiffs cannot establish "the first element"— duty of care. (ECF No. 3 at 15.) However, Costco then jumps to discussing what type of injury is required. (*Id.*) Quoting *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1214 (N.D. Cal. 2014), Costco argues "injury" or "harm" requires "detrimental physical changes to the body." (*Id.*) According to Costco, because Plaintiffs did not suffer any physical harm, their negligence claim fails. (*Id.*) However, Costco takes this rule statement from *Campbell* out of context. When explaining harm requires "detrimental physical changes to the body," the *Campbell* court was discussing § 1708 — not common law negligence claims. *See Campbell*, 75 F. Supp. 3d at 1214. Therefore, the Court finds this citation unavailing.

Costco also cites to *Rotolo v. San Jose Sports & Ent., LLC*, 151 Cal. App. 4th 307, 326 (2007). (ECF No. 3 at 15.) This citation fares no better. Unlike here, where Plaintiffs allege Costco breached its duty of care by discriminating against their patrons, *Rotolo* involved allegations that a sports facility breached its duty of care by failing to provide notice to those using the facility of the availability of medical devices. 151 Cal. App. 4th at 315. While *Rotolo* does collect a series of cases which discuss the duty of care in which patrons suffered physical harm, *Rotolo* did not find business establishments have a duty to protect Plaintiffs from only *physical* harm. (ECF No. 3 at 15 (citing *Rotolo*, 151 Cal. App. 4th at 326–33).)

8

1    In sum, Costco's grounds for dismissal are unpersuasive. Accordingly, the Court

2 DENIES Costco's motion to dismiss Plaintiffs' negligence claim.³

3    C.    California Unfair Competition Law Claim

4    Costco argues because Plaintiffs' California Unfair Competition Law claim is derivative

5 of the Unruh Act claim it should be dismissed as well. (ECF No. 3 at 16.) However, given the

6 Court finds Plaintiffs have sufficiently alleged violations of the Unruh Act, Plaintiffs' California

7 Unfair Competition Law claim is sufficiently pleaded as well. Accordingly, as above, the Court

8 DENIES Costco's motion to dismiss this claim.

9    D.    Intentional Infliction of Emotional Distress ("IIED") Claim

10   To state a claim for IIED, Plaintiffs must sufficiently allege: (1) Defendants engaged in

11 extreme and outrageous conduct; (2) with the intention of causing emotional distress or reckless

12 disregard of the probability of causing emotional distress; (3) Plaintiffs' suffering of severe

13 emotional distress; and (4) Defendants' conduct was the actual and proximate causation of

14 Plaintiffs' emotional distress. *See Bridges v. Kohl's Stores, Inc.*, No. 23-CV-00685-DAD-JDP,

15 2024 WL 584319, at *4 (E.D. Cal. Feb. 13, 2024). Conduct is "outrageous" if it is "so extreme as

16 to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal.

17 4th 1035, 1050–51 (2009) (internal quotation marks and citation omitted).

18   In the instant case, Plaintiffs allege that the act of "aggressively" asking Plaintiffs to show

19 their Costco membership card at the self-checkout line constituted "severe and outrageous

20 conduct." (ECF No. 1 ¶¶ 14–16, 52.) The Court does not agree. Aggressively requesting a

21 customer present a membership card does not rise to the level of extreme and outrageous conduct

22 under these circumstances. *See, e.g.*, *Bridges*, 2024 WL 584319, at *4 (finding holding a

23 shopping cart until checkout and giving incorrect pricing information without more did not

24 amount to extreme and outrageous conduct); *Jones v. Dollar Tree Stores, Inc.*, No. 21-CV-7441-

25 PA-PVCx, 2021 WL 6496822, at *6 (C.D. Cal. Nov. 4, 2021) (finding allegations which "rel[y]

---

³ Despite acknowledging Plaintiffs do not allege a claim for negligent infliction of emotional distress, Costco goes on to argue that such a claim would fail. (ECF No. 11 at 4.) Because Plaintiffs do not allege a claim for NIED, the Court does not address this argument.

1  on a formulaic recitation of the elements for an IIED cause of action" insufficient).  Additionally,
2  while Plaintiffs allege they were "deeply offended," such allegations are insufficient to support an
3  IIED claim.  (ECF No. 1 ¶ 16); *see also Jimenez v. Home Depot Inc.*, No. 2:23-CV-00937 WBS
4  AC, 2023 WL 5021266, at *3 (E.D. Cal. Aug. 7, 2023)("Verifying that someone paid for all items
5  at self-checkout, particularly in the absence of threatening or offensive language" was insufficient
6  to establish an IIED claim).

7        Finally, Plaintiffs state "discrimination has no place in a civilized society."  (ECF No. 10
8  at 12.)  While the Court agrees, alleged discriminatory conduct by itself does not always
9  constitute extreme and outrageous conduct under the law.  *Bridges*, 2024 WL 584319, at *4
10  (internal citation omitted).  Accordingly, the Court GRANTS the motion to dismiss Plaintiffs'
11  IIED claim.  Although the Court has serious doubts about Plaintiffs' ability to sufficiently allege
12  an IIED claim under these circumstances, the Court will give Plaintiffs an opportunity to amend
13  based on the extremely liberal standard in favor of granting leave to amend.

14        **IV.**    **CONCLUSION**

15        For the reasons set forth above, the Court GRANTS in part and DENIES in part Costco's
16  Motion to Dismiss (ECF No. 3) as follows:

17        1. Costco's Motion to Dismiss Plaintiffs' Unruh Act claim, negligence claim, and
18           California Unfair Competition Law Claim is DENIED;
19        2. Costco's Motion to Dismiss Plaintiffs' IIED claim is GRANTED with leave to
20           amend.
21        3. Plaintiffs may file an amended complaint no later than thirty (30) days after the
22           electronic filing date of this Order.  If Plaintiffs file an amended complaint,
23           Defendants shall file any responsive pleading no later than twenty-one (21) days
24           from the filing date of the amended complaint.  If Plaintiffs opt not to file an
25           amended complaint, this action will proceed only on Plaintiffs' Unruh Act,
26           negligence and California Unfair Competition Law claims, and Defendants shall
27           file their answer no later than twenty-one (21) days from Plaintiffs' deadline for
28           filing an amended complaint.

IT IS SO ORDERED.

DATED: December 13, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE